UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 06-CV-22315-MORENO/TURNOFF

GLOBAL HORIZONS INCORPORATED,
a California Corporation,

      Plaintiff,

v.

DEL MONTE FRESH PRODUCE N.A., INC.,
a Florida Corporation a.k.a. COUNTRY BEST
INC. d/b/a DEL MONTE FRESH PRODUCE
COMPANY, a Delaware Corporation,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant, Del Monte Fresh Produce's (hereinafter "Del Monte"), Verified Motion for Attorney's Fees and Costs. **[D.E. 324]**. This case was referred to the undersigned upon the entry of an Order of Recusal by Magistrate Judge Torres on June 10, 2008. **[D.E. 325]**. A status conference was held on July 17, 2008. An evidentiary hearing was held on November 20, 2008.[1] Supplemental briefing was requested by the Court and submitted by the parties in January 2009.

Upon review of the Motions, the responses, the replies, hearing argument of counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings:

_____

[1] Due to, among other things, scheduling conflicts, the evidentiary hearing was rescheduled several times at the request of the parties. See **[D.E. 336, 337, 340, 341]**. The hearing was also rescheduled *sua sponte* due to the Court's move to the C. Clyde Atkins Tower.

## I. Parties

Plaintiff, Global Horizons Incorporated (hereinafter "Global"), is a California corporation. Defendant, Del Monte, is a Delaware corporation. Global supplies employee staffing and employee management to various companies, including Del Monte.

## II. Background

In March 2004, Del Monte contracted with Global for the supervision and payment of 1,200 employees at seven production facilities. **[D.E. 1]**. Global claims that prior to the Agreement Del Monte made representations indicating that the "contract" would be for "emergency" purposes only, and that a re-negotiation of the contract would occur in the near future. **[D.E. 1]**. After attempting to re-negotiate the Agreement unsuccessfully, Global brought suit against Del Monte. **[D.E. 1]**.

This action was removed to federal court on September 18, 2006.[2]   In its Complaint, Global alleged:  (1) breach of express contract - unpaid invoices; (2) breach of implied covenant of good faith and fair dealing; (3) fraud in the inducement; (4) promissory estoppel - compensation rate increase; (5) breach of express contract - unpaid invoices from a Hawaii location; (6) quantum meruit; and (7) unjust enrichment. **[D.E. 1]**.   Global sought over $28 million in damages.  A highly contentious litigation – as evidenced by the forty (40) page[3] docket –  followed.

In response to the claim, Del Monte asserted numerous affirmative defenses and a counterclaim. **[D.E. 15]**. In the counterclaim, Del Monte argued that Global intentionally breached its contracts with Del Monte in order to reap the benefits derived therefrom without properly compensating the workers.

[2]This action was originally filed in June 2006 in the Central District of California.  Upon a motion by Del Monte, the California court enforced a forum selection clause that mandated that the action be filed in Florida.

[3]The docket in this matter consists of three-hundred sixty-one (361) docket entries.

**[D.E. 15]**.   Extensive discovery was conducted.  The litigation included, among other things, a motion

for sanctions against Global for the failure to substantiate multi-million dollar claims, and the late

dismissal of five claims.

Subsequently, on December 13, 2007, the Court struck Del Monte's counterclaim, because the

counterclaim related to "2005 contracts," and not to the subject 2004 contracts. **[D.E. 213]**.

On May 9, 2007, Global voluntarily dismissed its claims for fraud in the inducement and

promissory estoppel. **[D.E. 61]**.  Then, on September 25, 2007, Global voluntarily dismissed its claims

for breach of contract regarding the  Hawaii claims, *quantum  meruit*, and unjust enrichment. **[D.E.**

**113]**. The two remaining claims for breach of express contract and breach of the implied covenant of

good faith and fair dealing proceeded to trial. **[D.E. 278]**. After a four day bench trial, the submission

of closing argument briefs, consequential damages briefs, additional invoice charts and closing oral

arguments,  Chief United States District Court Judge  Federico A. Moreno entered Final Judgment in

favor of Del Monte and against Global on all claims. **[D.E. 314]**.    An appeal was  filed in the Eleventh

Circuit Court of Appeals. See  **[D.E. 321]**.

On February 13, 2009, the Eleventh Circuit issued an Order dismissing the appeal for lack of

jurisdiction – noting that "the district court's April 15, 2008 judgment is not final."  Global Horizons,

Inc. v. Del Monte Fresh Produce, N.A., Inc., No. 08-12922 (11th Cir.) (order dismissing appeal for lack

of jurisdiction).

A related matter is also pending in the Miami-Dade County Circuit Court for the Eleventh

Judicial Circuit, to wit: Del Monte Fresh Produce, N.A., Inc. v. Global Horizons Inc., No. 08-5164-CA-

23 (11th Cir. filed Jan. 31, 2008).  The present status of that case, and  its effect on the case at bar, shall

be addressed *infra*.

3

### III.  Instant Motion

On June 4, 2008, Del Monte submitted a Verified Motion for Attorney's Fees and Costs and an incorporated memorandum of law. **[D.E. 324]**. In the Motion Del Monte argues that its  Agreement with Global entitles it to "all reasonable attorneys' fees, costs and expenses." Id.     Various supporting documents were attached to the motion, including, *inter alia*, attorney affidavits as to the reasonableness of hourly rates and hours worked and invoices for costs incurred. Id.

Del Monte is currently seeking $1,000,000 in attorney's fees.  Del Monte  represents that "[its] attorneys' fees have already undergone a total voluntary reduction of $440,830[4] (comprised of $158,901.21 in courtesy discounts and  write-offs and an additional reduction of $281,928.79)." See **[D.E. 354]**.     Del Monte's  $196,928.94 cost request also includes a $10,013.94  discount.  See **[D.E. 325, p. 16 fn 6]**. These costs are related to couriers, overnight mail, telephone calls, faxes, postage and temporary employees, and would otherwise be recoverable.

On June 19, 2008, Global filed a memorandum in opposition to Del Monte's Motion . **[D.E. 328]**. In it, Global argues that Del Monte was not the prevailing party, and that Del Monte cannot recover any fees or costs for work performed in furtherance of the counterclaim. Id. Global also argues, without specific reference to any particular document, that Del Monte has failed to adequately document time records, that the hours were duplicative between counsel, and that Del Monte has failed to identify the claims for which the hours were spent. Id. Finally, Global claims  that Del Monte's request for attorney's fees is ambiguous and fails to meet the requirements to establish the market value for its services. Id.   These arguments shall be addressed below.

---

[4]In another pleading, Del Monte indicates that its fees were reduced by $459,000. See **[D.E. 329]**.

4

### IV.  Entitlement to Fees and Costs

### A. Contractual Agreement

As noted *supra*, Del Monte claims that it is entitled to fees and costs pursuant to the 2004 Temporary Worker Agreements ("Agreement") between the parties.  Global contends that certain claims "do not arise from contract" and therefore do not give rise to an award of attorney's fees.   The relevant portion of the Agreement states:

> Del Monte and [Global Horizons] the parties hereto agree that, in any suit, action, or proceeding based in **tort  or in contract** brought by any of the parties hereto in connection with **any matters whatsoever arising out of, under, or in connection with the terms of this Agreement**, each of the parties hereto shall and do hereby waive trial by jury to the fullest extent permitted by law, and that the prevailing party in any such action shall recover from the other party all reasonable attorneys' fees, costs and expenses incurred through trial.

See Agreement, § IX. (emphasis added).

Generally, courts must construe contracts according to the intention of the parties as gathered from the writing and the circumstances under which the writing was made in a particular case. See Improved Benevolent & Protected Order of Elks of the World v. Delano, 308 So. 2d 615 (Fla. 3d DCA 1975) (Where the language of the contract itself is clear and unambiguous, there is no reason to look further); See Automatic Canteen Co. Of Am. v. Butler, 177 So. 2d 712 (Fla. 3d DCA 1965).

Here, Global filed this lawsuit and made allegations that are directly related to the subject contractual agreement.  Upon review of the Agreement and the record herein, it is clear from the language used that the parties intended that the attorney's fee be all inclusive - taking into account "any suit, action, or proceeding based in tort or in contract."   See  Agreement, § IX.

### B. Prevailing Party

Global also argues that Del Monte cannot be the "prevailing party" unless Del Monte becomes

entitled to enforce a judgment, consent decree or settlement against Global. **[D.E. 328]**.

This argument fails, due to, among other things, the fact that it appears to be based upon *statutory* analysis. Indeed, the bulk of the case law cited by Global pertains to civil rights and discrimination actions. See e.g., Hensley v. Eckhart, 461 U.S. 424 (1983)(42 U.S.C. § 1988); A.C.L.U. of Ga. v. Barnes, 168 F.3d 423 (11th Cir. 1999)(42 U.S.C. § 1988); Walker v. Anderson Elec. Connectors, 944 F.2d 841, 846 (11th Cir. 1991)(Title VII); Hewitt v. Helms, 482 U.S. 755 (1987)(42 U.S.C. § 1983); Nance v. Maxwell Fed. Credit Union, 186 F. 3d 1338 (11th Cir. 1999)(ADEA); Tunison v. Cont'l Airlines Corp., Inc., 162 F. 3d 1187 (D.C. Dist. 1998)(49 U.S.C. § 41705).

Typically, in those types of cases, the courts express concern that if the defense prevails and fees are imposed on the plaintiff, the result will be a "chilling effect." Here, there is no such applicable statute, and no such concerns. Rather, the court is bound to look only at the Agreement in question.

Under Florida law, a "contractual attorney's fees provision must be strictly construed." Frankenmuth Mut. Ins. Co. v. Escambia County, Fla., 289 F. 3d 723, 733 (11th Cir. 2002) (quoting B&H Constr. & Supply Co.v. Dist. Bd. of Trs. of Tallahassee Cmty. Col., Fla., 542 So. 2d 382, 387 (Fla. 4th DCA 1989)). Such provisions require an analysis that is separate and distinct from that of a statutory prevailing party inquiry. See Fixel Enterprises v. Thesis, 524 So. 2d 1105 (Fla. 1988); First Atl. Bldg. Corp. v. Neubauer Constr. Co., 352 So. 2d 103 (Fla. 4th DCA 1977). Finally, where an unsuccessful counterclaim is involved, the court must look to the central issues in the case, not the periphery, to determine who is the prevailing party. Sherry Mfg. Co. v. Towel King of Fla., Inc., 822 F. 2d 1031 (11th Cir. 1987).

In Florida, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807,

6

810 (Fla. 1992).  The trial court, in its discretion, may  determine which party has prevailed on the significant issues in the litigation. Id.   In this regard, Florida courts have found that  when a plaintiff loses on his complaint, the defendant is the "prevailing party" whether he is a successful counter claimant or not.  See Stutti v. Daniel Adache, 515 So. 2d 1023 (Fla. 4th DCA 1987).

The record herein speaks for itself - Del Monte has clearly prevailed on the significant issues in this litigation.

## V. Lodestar Method

Under the federal Lodestar Method, the starting point for determining the reasonableness of a fee request is to multiply the reasonable hours expended by a reasonable  hourly rate. Norman v. Hous. Auth. of Montgomery, 836 F. 2d 1292, 1299 (11th Cir. 1998). The moving party bears the burden of documenting reasonable hours expended and reasonable hourly rates.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); See ACLU v. Barnes, 168 F. 3d 423, 427 (11th Cir. 1999).

The reasonable hourly rate determined in the Lodestar analysis is the "prevailing party rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." ACLU v. Barnes, 168 F. 3d at 427. The moving party also carries the burden of proving the prevailing market rate. Dillard v. City of Greensboro, 213 F. 3d 1347, 1354 (11th Cir. 2000).

Here, Del Monte has requested fees calculated pursuant to the following hourly rates: (1) $300-475 per hour (partners); (2) $185-310 (associates); and (3) $160 (paralegal work). **[D.E. 324]**. The lead attorney in the case, Carol Lumpkin, provided an affidavit on the validity of the hourly rates and hours spent for legal services. Id. Del Monte's expert, Samuel Dannon,  also provided a similar affidavit and testified in Court. Id

Here, Global is not challenging the hourly rates.  The Court has independently reviewed all of the relevant filings and hereby concludes that the requested rates are reasonable.

As noted *supra*, Del Monte is requesting *reduced* attorney's fees in the amount of  $1,000,000.  See  p. 4 .   Ms. Lumpkin's Affidavit states that her client incurred *approximately* $ 1,300,000 in attorney's fees and has paid the fees in full. See Lumpkin Aff. **[D.E. 324, Ex. B]**.   Del Monte further contends that,

> the amount is reasonable given the legal and procedural complexities of the case, the issues at stake, the amount of work necessitated by a twenty-two (22) month long litigation, which included two sets of dispositive motions.  Moreover, the number of hours billed in this matter is commensurate with the various challenges[5] presented by Global.

See Id. at ¶ *13*.

As noted above, Del Monte significantly reduced its attorney's fees "before coming in the door" in order to account for possible objections by counsel as to duplication, multiple attorneys, as well as fees pertaining to the counterclaim. **[D.E. 354]**.  Global's initial Response, however,  contained only blanket objections to the fee request.   In its supplemental response, Global states that Del Monte has "failed to meet the requirements to establish the market value for its services." **[D.E. 328]**.

"Objections and proof from fee opponents' concerning hours that should be excluded must be specific and reasonably precise." A.C.L.U.  v. Barnes, 168 F. 3d at 428.    Generalized statements that time spent was unreasonable "are not particularly helpful and not entitled to much weight." Wales v. Jack M. Berry, Inc., 192 F. Supp. 2d 1313, 1320 (M.D. Fla. 2001) (citing Norman v. Hous. Auth. of Montgomery, 836 F. 2d 1292, 1301 (11th Cir. 1998)).   Indeed, a fee opponents' failure to explain exactly which hours were duplicative is generally viewed as "fatal." Wales v. Jack M. Berry, Inc., 192

---

[5]Del Monte's  long and detailed recitation of the procedural history and contentious nature of this case is memorialized in pp. 2-12 of its fee Motion. **[D.E. 324]**.

F. Supp. 2d at 1320.

Nevertheless, in the interest of resolving this matter on the merits, the Court provided Global with an opportunity to specifically address its objections – both in open court[6] and by way of a supplemental filing.   Global's contentions shall be addressed below.

### VI.  Pending State Court Claims:   2005 Claims, Counterclaim and Hawaii Claim

### A.  Relevant Orders

Global argues that Del Monte should not be awarded fees for the "2005 claims," because Chief Judge Moreno granted a Motion in Limine with respect to the 2005 damages.  The Order states as follows,

> THIS CAUSE came before the Court upon Defendant's Motion in Limine to Prohibit Global Horizons Inc. from Introducing Evidence Regarding Damages Allegedly Sustained by it Under the 2005 Agreements **(D.E. 135)** filed on <u>**October 15, 2007**</u> . . . .it is ADJUDGED that the motion is **GRANTED**.  Plaintiff is free to file a separate complaint alleging breach of the seven contracts supposedly made in 2005.

<u>See</u> Order Barring Intr. of Damages Sustained Under 2005 Contracts (Oct. 25, 2007) (emphasis in original). **[D.E. 149]**.

On December 13, 2007, Chief Judge Moreno entered an Order Striking Defendant's Counterclaim in response to Global's Motion for Clarification of the Order noted *supra*.  The relevant portion of the Order states,

> **ORDERED** that this Court will not consider any evidence concerning the 2005 contracts. Defendant's counterclaim **(D.E. Nos. 15 and 156)** appears to address only the 2005 contracts. The counterclaim portion of Defendant's Answer **(D.E. 156)** is therefore stricken.  Defendants's Motion for Summary Judgment as to Counterclaims **(D.E. 158)** is denied as moot.

<u>See</u> Order Striking Defendant's Counterclaim (Dec. 13, 2007)(emphasis in original). **[D.E. 213]**.

---

[6]At the November 20, 2008 hearing, Global argued that it could not make specific objections due to Del Monte's failure to provide detailed information and a breakdown of its legal bills by claim.

## B.  Pending State Court Action

By way of background, the  state court action[7] was filed by Del Monte on January 31, 2008.

Global filed an Answer and Counterclaim on or about March 28, 2008.  The counter-claim alleges that

Del Monte breached the same 2005 claims, as well as a "Hawaii claim."  On November 25, 2008, the

state court granted Del Monte's Motion to Dismiss Global's Counterclaim (with leave to amend).   An

Amended Answer and Counterclaim was filed on December 9, 2008, and the  docket reflects two (2)

pending motions to dismiss.

According to Global, it has fourteen (14) contractually based claims pending in the state case.

The claims include: the Richmond location (2004 & 2005), the Sanger location (2005), Santa Fe

Springs (2005), Kansas City (2005), Lenexa (2005), Aurora, CO (2005), Auburn, WA (2005), Phoenix

(2004 & 2005), Hawaii (2003 & 2005), Jessup, MD (2005), and Helena, GA (2005).

A docket search of the state court case reveals that "Count XI" was voluntarily dismissed by

Global, on or around February 13, 2009.  See Del Monte Fresh Produce, N.A., et al. v. Global Horizons

Inc., et al., Case No: 08-05164-CA-23 (11th Cir.).   The state court docket also reflects the filing of a

Motion to Dismiss Counterclaim (XIIII)  on February 13, 2009, and another (Count XIII) on February

20, 2009.  Id.   This Court has no further information on the current status of the state court claim.

## C.  Global's  Position

According to Global, attorney's fees associated with the 2005 contract claims are unrecoverable

because  those matters "were not determined or resolved in this case at all . . . they are pending in the

state court case now."  At the evidentiary hearing, counsel argued that the 2005 contract claims (8 in

---

[7]This Court has limited access to the state court document images.  Therefore, the Court
relies upon the state court docket entries, and proffers  by counsel as officers of the Court.

total) plus a Hawaii claim remain pending in state court. See Hearing Transcript (Nov. 20, 2008). **[D.E. 353]**.  In other words, Global argues that Del Monte has not yet prevailed on the 2005 claims pending in state court.

Global also claims that Del Monte, by virtue of its voluntary reduction, has waived all rights to collect any attorney's fees over $1,000,000.  Accordingly, it  asks  that any proportional reduction of fees must be applied solely to the $1,000,000 sought by Del Monte in its Verified Motion.  See **[D.E. 324, pp. 13-14]**.  Lastly, Global  argues that December 13, 2007  – the date the district court struck the counterclaims – should be the benchmark for assessment of when to apply a *pro rata* reduction.

### D.  Del Monte's Position

First, Del Monte has confirmed that "At this time, [it] is not pursuing fees regarding the counterclaim because its state court action against Global, which involves the same issues raised in the counterclaim, is still pending." See **[D.E. 329, p. 8, fn.5]**.  Del Monte specifically states that the total amount of fees relating to the counterclaim (2005 contracts) is at most $55,866.50.   **[D.E. 329]**. Del Monte directs the court's attention to time entries dated 3/18/07, 5/31/07, 6/4/07, 10/17/07, 11/7/07, 11/24/07, and 11/26/07 to demonstrate that $55,866.50 reflects a larger amount than the true cost of working on the counterclaim, as these entries contained work regarding the counterclaim in addition to work regarding other issues.

As mentioned *supra*, Del Monte already reduced its request for attorneys' fees by approximately eight (8) times that amount prior to filing the motion.   See    Lumpkin Aff. **[D.E. 324, Ex. B]**. Accordingly, Del Monte contends this  reduction more than encompasses the $55,866.50 it spent in working on the counterclaim.  See **[D.E. 329]**.   This Court agrees.

## VII.  Relevant Law

Generally speaking, a party seeking attorney's fees on multiple claims has an affirmative duty to demonstrate what portion of the effort was expended on a claim which allowed for the recovery of attorney's fees. Rockledge Mall Associates. Ltd. v. Custom Fences of Brevard, Incu., 779 So. 2d 558, 559 (Fla. 5th DCA 2001). In determining the reasonable hours for an award of attorney's fees, the Court need not conduct an hour by hour review. See generally, Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001); see also, Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994)("[w]here fee documentation is voluminous," it will not be feasible to require a court to "engage in such a precise review.").

The district court must, however, consider time spent on discreet and unsuccessful claims. See Hensley v. Eckerhart, 461 U.S. at 435.   In some instances, all of the work necessary to the defense of a compensable claim may be awarded, even if the work was initiated in defense of another claim. See Caplan v. 1616 East Sunrise Motors, Inc., 522 So. 2d 920, 922 (DCA 1988); see also, FIGA v. R.V.M.P. Corp., 681 F. Supp. 806, 809 (S.D. Fla. 1988)(defendant is entitled to recover fees for work on fraud claims that is helpful in prevailing on a breach of contract claim)

Upon review of the pleadings, the court file, the affidavits, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned finds that Del Monte's requested attorney's fees are supported by the record and the law.      The Court further finds that Del Monte has made a good faith attempt to discount fees associated to matters pending in state court.  Global has failed to persuade this Court otherwise, despite having had the opportunity to file a supplemental response to the underlying Motion.

In view of the significant lump sum discount, it is quite likely that the fees associated with the

counter-claim and other matters pending in state court have already been more than discounted from Del Monte's fee request.   Further,  Del Monte's voluntary reductions are consistent with what this Court has ordered in the past –taking into account matters such as duplication, multiple attorneys working on the file, etc.  – and what it would recommend in this case.

In light of the above, the undersigned finds that the voluntary reductions by Del Monte are fair and as such **RESPECTFULLY RECOMMENDS** that they be **ADOPTED** by the Court.

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Del Monte be **GRANTED** the  requested $1,000,000 in attorney's fees.

While not making any specific findings, the undersigned notes that if Del Monte prevails in the state court action, the relevant fee request may be best brought before that Court.

## VIII.  Costs

Del Monte has submitted its reduced costs in the amount of $196,928.94  pursuant to its contract with Global, as well as 28 U.S.C. § 1920.   Global's initial response states only that the costs – like the fees – are "excessive, unreasonable, and not proportionate to the work performed."   Global's supplemental brief argues more of the same and suggests a proration similar to the one noted above – suggesting that the costs be reduced to either $ 100,877.64 or $80,740.67.

Consistent with the discussion above, the undersigned finds that Del Monte is entitled to recover its costs under the Agreement.   See Agreement, §IX.   Del Monte is also entitled to recover its costs under 28 U.S.C. § 1920, which allows recovery of the following costs as a matter of course:        (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket

fees; and (6) compensation of court appointed experts, compensation of interpreters; salaries, fees, expenses, and costs of special interpretation services. See 28 U.S.C. § 1920.

The award of costs is not automatic. The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court. See Lee v. American Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000) (movant "bears the burden of submitting a request for expenses that would enable the Court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994)).

Here, Del Monte's cost submissions include: service of process, transcript costs, expert witness costs, demonstrative exhibit costs, computer research costs, travel, meals and lodging cost, photocopying, mediation and other miscellaneous costs. Supporting documentation has been provided. The undersigned has reviewed the submissions and finds that they are reasonable and recoverable under either § 1920, the contract, or both. Accordingly, having considered the good faith cost reduction made by Del Monte at the outset, and given the Court's discretion in this area, this Court **RESPECTFULLY RECOMMENDS** that Del Monte be awarded costs in the amount of $196,928.94.

The parties may serve and file written objections with the Honorable Chief United States District Court Judge Federico A. Moreno by **noon** on **Tuesday, March 31, 2009**. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988).

14

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this

26th day  of March 2009.

_____
**William C. Turnoff**
**United States Magistrate Judge**

Copies furnished to:

Hon. Federico A. Moreno, Chief United States District Judge
Counsel of Record