## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 06-CV-22315-MORENO

GLOBAL HORIZONS INCORPORATED,
a California corporation,

       Global,

v.

DEL MONTE FRESH PRODUCE, N.A., INC.,
a Florida corporation a.k.a. Country Best
Inc. d/b/a DEL MONTE FRESH PRODUCE
COMPANY, a Delaware corporation,

       Del Monte.
_____/

DEL MONTE FRESH PRODUCE N.A., INC.,

       Counterclaim Global,

v.

GLOBAL HORIZONS INCORPORATED, a
California corporation,

       Counterclaim Del Monte.
_____/

### GLOBAL HORIZONS INCORPORATED'S MOTION TO SET ASIDE DEFAULT

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD

      Defendant GLOBAL HORIZONS, INC., by and through undersigned counsel, hereby

submits this Motion to Set Aside Entry of Default.

      This Motion is based upon the concurrently filed Declaration of Matthew S. Gibbs, the

attached Memorandum of Points & Authorities, the entire file in this action and upon such oral

and documentary evidence as may be presented at the time of the hearing of the this Motion.

      Pursuant to Local Rule 7.1(A)(3), Global attempted to contact opposing counsel

regarding this motion before filing.   Matthew S. Gibbs attempted to contact Carol Lumpkin and

Karen Finesilver who had previously acted as counsel for Del Monte in relation to this case.   No

direct response was received from them regarding Del Monte's position.   Contact was then

directed to Annie Zaffuto at KL Gates who is counsel for the Del Monte case pending in the

Eleventh Judicial Circuit in Miami.   Annie Zaffuto, from KL Gates, indicated that she could not

reach her client until 5:00 p.m. EST today and did not respond to multiple requests for Del

Monte's position prior to the filing of this motion.   As of 3:00 p.m. EST ("noon" PST), Global

had received no further response from Ms. Zaffuto regarding Del Monte's position for this

Motion and proceeded to file the Objections and Motion to Set Aside Default.   (See Declaration

of Matthew S. Gibbs)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.       STATEMENT OF FACTS

Global brought its initial action in this Court against Del Monte on September 14, 2006.  On

November 8, 2006, Del Monte filed a Counterclaim against Global. On December 13, 2007, the

Court ordered Del Monte's Counterclaim, and all counts therein, stricken.  On April 15, 2008, the

Court entered judgment that Global was not entitled to recovery for its claims.

Del Monte filed a Motion for Attorney Fees which was argued before Magistrate Turnoff

on November 20, 2008.   Supplemental Briefing was requested from the parties relating to Del

Monte's failure to apportion the attorney fees by claim as required by applicable case law.   The

Magistrate's Recommendations were filed on March 26, 2009 and provided a deadline of "noon"

on March 31, 2009 for the filing of objections.   Global had prepared to file its objections for the

"noon" deadline but relied upon Pacific Standard Time instead of Eastern Standard Time for the

deadline.[1]   This resulted in the Objections not being received by this Court prior to the Court's Order issued as approximately 12:11 a.m. EST on March 31, 2009 which found that Global was in default of its obligation to file Objections to the Magistrate's Recommendations.

Therefore, on March 31, 2008, this Court adopted the Magistrates Findings and Recommendations that Defendant's Motion for Attorney Fees be granted in the amount of $1,000,000.00 in addition to costs in the amount of $196,928.94.

## II.   ARGUMENT

### A.   Legal Standard For Relief

Federal Rules of Civil Procedure 55(c) provides: For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

As discussed more fully below, good cause exists to set aside the default against Global pursuant to Rule 55(c).

#### a.   Default Judgments Are Disfavoured

The strong policy underlying the Federal Rules of Civil Procedure favors decision on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Default judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "Because Rule 60(b) is remedial in nature, courts must be liberal in granting relief." *Morgan Equip. Co.*, 57 F. Supp. 2d 863, 868 (N.D. Cal. 1998) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976 (1987)). "Moreover, 'since the interests of justice are best served by a trial

---

1 Global filed its Objections contemporaneous with this motion due to the time spent attempting

on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.'" *Morgan Equip. Co.*, 57 F. Supp. 2d at 868 (*citing SEC v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982)).

### B.   Good Causes Exists Under Rule 55(c) To Set Aside The Default Entered Against Global

As stated more fully herein, solely due to a simple calendaring error, Global was prepared to file its Objections by "noon" PST instead of "noon" EST.   The three hour difference causes no prejudice to Del Monte and may not even require a hearing for a ruling regarding setting aside the default.

Additionally, this Circuit considers three factors in the lifting of entry of default under Rule 55(c). *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). These factors include: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *See TCI Group*, 244 F.3d at 696 (*citing Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *In Re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991). The standard for setting aside an entry of default under Rule 55(c) is more liberal than that of vacating a default judgment under Rule 60(b). *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir.1986).

#### a.   Global's Did Not Engage In Culpable Conduct

The default was entered against Global due solely to a calendaring error with respect to the applicable time zone for the deadline to object.   The Magistrate's Recommendations did not specifically note EST in relation to the deadline, and it is not an unreasonable mistake to have mistakenly calendared the "noon" deadline as PST rather than EST.

---

to confer with opposing counsel.

Black's Law Dictionary defines the term culpable as "guilty; blameworthy." (Black's Law Dictionary (8th ed. 2004)).  Far from engaging in blameworthy activity, it was only Global's reasonably justified *inactivity* that caused the default to enter. The mere fact that Global filed both its Objections and this Motion to Set Aside Default prior to the "noon" PST deadline evidences that the default is clearly only the result of a simple calendaring error.

b. Global Has Meritorious Defenses

The court has discretion to determine whether good cause has been shown. *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir.1975). "Likelihood of success is not the measure. Defendants' allegations are meritorious if they contain even a 'hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegal v. Key West & Caribbean Trading Company, Inc.*, 627 F.2d 372, 374 (D.C.Cir.1980) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir.1969)).   The trial in this circumstance is the de novo review by this Court of the Magistrate's Recommendations.

As evidenced by Global's Objections (a true and correct copy of which is attached hereto as Exhibit A), Global raises serious questions about the validity of the claim that only $ 55, 866.50 of the original $ 1,000,000.00 in attorney fees[2] sought had any relation to the 2005 claims for which no prevailing party has yet been determined.   Ms. Lumpkin has repeatedly represented, in the pending case before Judge Sigler in the Eleventh Circuit Court, in response to discovery issues that the discovery for the Federal case encompassed the 2005 claims.   Since the amount alleged by Ms. Lumpkin in support of the Attorney Fees Motion clearly cannot encompass even one fourth of the discovery related attorney fees, not to mention motion practice and other events related to the case prior to the dismissal of all 2005 claims.

5

c.   Setting Aside Default Will Not Prejudice Del Monte

Mere delay in Del Monte obtaining a judgment for the attorney fees, is not a sufficient showing of prejudice for this purpose.  *Newhouse v. Probert*, 608 F.Supp. 978 (W.D.Mich.1985). Del Monte will not be prejudiced if the default is set aside.   Given the contentious nature of this case, it is unlikely that Del Monte will fail to object to this motion but has no real basis to argue that a three (3) hour calendaring error created any prejudice to Del Monte.   Any decision by this Court will be based on the records present for this case whether or not the default is set aside so no prejudice could possibly flow from granting this motion.

In requesting relief based on Rule 55(c), Global simply seeks to have its meritorious arguments considered before the Magistrate's Recommendations are accepted.

---

2 Del Monte's total bill was $ 1,440830.00 plus costs.

## III.   CONCLUSION

For the foregoing reasons, Global respectfully requests that the default entered in this matter less than two hours ago be set aside. Pursuant to Ninth Circuit law, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir.1974).

Dated: March 31, 2009

Respectfully submitted,

 /s/   Matthew S. Gibbs
Matthew S. Gibbs, Esq.
Global Horizons, Inc.
11111 Santa Monica Blvd, Ste. 1440
Los Angeles, CA   90025
Tel:  310-234-8475
Fax:  310-909-0269
FBN:  0619231

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 31st day of March, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/EF system which will send a notice of electronic filing to the following counsel or parties of records, except as otherwise noted:

Carol C. Lumpkin
Karen Finesilver
KL Gates, LLP
Wachovia Financial Center – Suite 3900
200 South Biscayne Boulevard
Miami, Florida  33131-2399
Telephone: (305) 539-3300
Fax: (305) 358-7095
carol.lumpkin@lkgates.com

By <u>s/ Matthew S. Gibbs</u>