Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 06-CV-22315-Moreno

GLOBAL HORIZONS INCORPORATED,
a California corporation,

      Global,

v.

DEL MONTE FRESH PRODUCE, N.A., INC.,
a Florida corporation a.k.a. Country Best
Inc. d/b/a DEL MONTE FRESH PRODUCE
COMPANY, a Delaware corporation,

      Del Monte.

_____/

DEL MONTE FRESH PRODUCE N.A., INC.,

      Counterclaim Global,

v.

GLOBAL HORIZONS INCORPORATED, a
California corporation,

      Counterclaim Del Monte.

_____/

### GLOBAL HORIZONS INCORPORATED'S WRITTEN OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY'S FEES AND COSTS

    Global Horizons Incorporated ("Global") hereby submits this Written Objection to Magistrate Judge Turnoff's Report and Recommendation ("Report") on Del Monte Fresh Produce N.A., Inc.'s ("Del Monte") Motion for Attorneys' Fees and Costs.

## I. RELEVANT STATEMENT OF FACTS

    In March of 2004, Global and Del Monte entered into written agreements ("2004 Claims") in which Global agreed to provide staffing to various Del Monte production locations. The parties

1

subsequently entered into similar contracts covering the year 2005 ("2005 Claims").

The business relationship between the parties ended in March of 2006. In June of 2006, Global filed suit against Del Monte, in the Central District of California, for breach of contract covering the entirety of the business relationship between the parties, including the 2004 Claims and the 2005 Claims. The suit was removed to this Court on September 18, 2006. On November 8, 2006, Del Monte filed a counterclaim regarding the 2005 contracts ("2005 Counterclaim").

On October 25, 2007, the Court entered an order prohibiting Global's introduction of the 2005 Claims. On December 13, 2007 the Court entered an order striking Del Monte's 2005 Counterclaim. On January 31, 2008, Del Monte filed suit against Global in the Eleventh Judicial Circuit for Miami-Dade County, Florida covering the 2005 Contracts ("State Court Action"). In March of 2008 Global filed its Counterclaim for breach of the 2005 Contracts. The State Court Action is currently pending.

On April 25, 2008, after a bench trial was conducted in this matter, the Court entered judgment denying Global's 2004 Claims. On June 4, 2008, Del Monte filed its Motion for Attorney's Fees and Costs. On November 20, 2008, a hearing was held regarding the requested Attorney Fees with additional briefing requested by the Magistrate due to Del Monte's failure to specify the amount of attorney fees per cause of action pursuant to case law.  On March 26, 2009, Magistrate Judge Turnoff entered his Report to which Global now objects.

## II.    ARGUMENT

Global objects most strongly to the Report's misunderstanding (Section VI of the Report, pages 9-13) of Global's position that any award to Del Monte must be reduced commensurate with work performed on Global's 2005 Contract Claims, which were dismissed and are now the subject of litigation between the parties in Florida state court.

**A.      Any Attorney's Fees and Costs Award to Del Monte Must Be Reduced
Commensurate With Work Performed Not Just Regarding Del Monte's 2005
Counterclaim But Also Regarding Global's 2005 Claims**

The Court entered Judgment in this matter (D.E. 314) that Global failed to prove its case with

respect to the 2004 Claims only. Thus, the only portion of this litigation on which Del Monte could

possibly be considered the prevailing party is for Global's 2004 Claims; which is therefore the only

portion for which Del Monte can possibly be awarded any attorney's fees or costs. See *Plapinger v.*

*Eastern States Properties Realty Corp.*, 716 So.2d 315, 317 (Fla. 5th DCA 1998)(A party is entitled

to an award of fees only for legal work associated with that claim.). As Global argued, in Section

II(2) of its Supplement in Opposition (D.E. 357, page 8), even assuming Del Monte is considered the

prevailing party on the 2004 Claims, there must be a pro rata reduction in any attorney's fees award

based on work for the 2005 Claims which were dismissed and now pending in Florida state court.

It is vitally important here to understand the distinction between Del Monte's 2005

Counterclaim and Global's 2005 Claims. Global's initial suit in June of 2006 alleged breach of

contract for both the 2004 and 2005 Contracts. Del Monte countersued Global over the 2005

Contracts. Both Del Monte's 2005 Counterclaim and Global's 2005 Claims were subsequently

dismissed by the Court and are currently being litigated in Florida state court.

It is this "2005 Counterclaim" and "2005 Claim" distinction the Report utterly

misunderstands and misapplies. The Report notes that a $55,866.50 reduction for Del Monte's 2005

Counterclaim is more than swallowed by Del Monte's already reduced attorney's fees claim. The

Report mistakenly only considers a pro rata reduction of Del Monte's legal fees and costs associated

with Del Monte's 2005 *Counterclaim*; it fails to consider the work performed on Global's 2005

Claims as a reduction. In other words, the Report fails to make the distinction between Del Monte's

2005 Counterclaim and the 2005 Claims in general, which encompass all of Del Monte's defense of

3

12

Global's suit which included both 2004 *and* 2005 Claims.

Taken as true, the Report would urge this Court to accept that, not just from November 15, 2006, when Del Monte filed its Counterclaim relating to the 2005 contracts (D.E. 15), but since the inception of this litigation in June of 2006, which also included Global's 2005 claims, through December 13, 2007, when the Court struck Del Monte's Counterclaim, in over a year and half of litigation, only $55,866.50 of Del Monte's claimed attorney's fees and costs relate to the 2005 Contracts. Yet Del Monte claims to have incurred $1.3 million (Lumpkin Aff. D.E. 324, Ex. B) in total attorney's fees over the course of the litigation. This is a virtual impossibility and a mathematical anomaly that cannot be left unresolved by this Court.

Because the Report only considers a $55,866.50 reduction in claimed fees/costs which Del Monte attributes to its 2005 Counterclaim, this Court must consider Global's 2005 Claims. An enormous amount of Del Monte's claimed attorney's fees *must* have resulted from the 2005 Claims as well. During the first roughly year and a half of litigation, until the December 2007 Order striking Del Monte's 2005 Contract Counterclaim, both parties proceeded as if the case involved both Global's 2004 and 2005 Claims. The 2004 and 2005 Claims involved virtually the same contracts, documents, and witnesses; and much of the discovery performed for the 2004 Claims would also have been for the 2005 Claims.

As the Report itself notes, after Del Monte asserted its counterclaim, "extensive discovery was conducted" until on December 13, 2007, the Court struck Del Monte's 2005 Counterclaim. (Page 2-3 of the Report) Del Monte's Motion for Attorney's Fees states, in the first year of the litigation, "Del Monte was forced to conduct eleven months of discovery, including almost thirty depositions..." (D.E. 324, page 2). Del Monte Motion further states, again relating to the first year of litigation, "discovery had been completed for months, Del Monte had moved for summary judgment

4

13

on the original claims, had filed various pre-trial motions, and was ready to proceed with trial." (D.E. 324, page 2).

In fact, with respect to the pending State Court Action, Del Monte has recently taken the position that much of the discovery performed during this Federal 2004 and 2005 Contracts litigation is duplicative for purposes of the State Court Action. In response to recent discovery Global propounded on Del Monte in the State Court Action, Del Monte objected stating, "Del Monte further directs Global Horizons to documents and deposition testimony . . . as a result of either extensive discovery or pleadings filed with the federal court in [the 2004 Claims litigation]." Moreover, recent email correspondence from Del Monte's counsel in that State Court Action suggests the same. (See Email Correspondence from Del Monte counsel and Discovery Responses, attached as Exhibits A and B to Declaration of Matthew S. Gibbs filed herewith). Del Monte cannot have it both ways: on the one hand, for purposes of this Attorney's Fees Motion, argue that virtually no work was performed on Global's 2005 Claims, while simultaneously arguing in the pending State Court Action that the work performed for this Federal litigation should suffice for purposes of the State Court Action.

Attached to the herewith filed Declaration of Matthew S. Gibbs as Exhibit C is a chart prepared by Global separating Del Monte's attorney's fees invoices by discovery related work. The chart shows that Del Monte is claiming $467,535 for discovery related work alone. All discovery related work performed by Del Monte in this Federal litigation must have been performed equally on Global's 2005 Claims as on its 2004 Claims. Thus, on discovery related matters alone, half of $467,535, or $233,757.50, of Del Monte's claimed attorney's fees were performed on Global's 2005 Claims, which were dismissed.

The absurdity of the Report's recommendation is further demonstrated by Del Monte's own

5

Motion. Del Monte's attached invoices are also replete with non-discovery related work performed necessarily for both the 2004 and 2005 Claims. One such example occurs on Del Monte's *very first entry* of July 5, 2006, for a claimed 3.8 hours and $1,178 for service of summons and change of venue issues. Because Global filed a single suit claiming breaches of both the 2004 and 2005 Contracts, these 3.8 hours necessarily *must* have also been performed on the 2005 Claims on which Del Monte ultimately did not prevail. It is a simple matter of logic and common sense that work Del Monte performed on a suit that claimed both 2004 *and* 2005 Claims was therefore work performed, roughly half, on the 2005 Claims.

Based on Del Monte's records, as of November 26, 2007, the total attorney's fees incurred was $802,526.50, and as of December 13, 2007 (when Del Monte's Counterclaim was stricken), total was $900,825.00. Thus, based on a halving of Del Monte's attorney's fees for the 2005 claims, any award to Del Monte should be reduced by between $400,000 and $450,000.

**B.     Del Monte Should Not Be Entitled To Double Recovery Of Attorney's Fees and Costs.**

If the Court accepts the Report's recommendation, it will position Del Monte to eventually recover twice for work performed on the 2005 Claims: once on this Motion, and once again if it prevails in the State Court Action. Del Monte has made it known that it intends to seek attorney's fees for the 2005 Claims in the State Court Action, as it stated in the Supplement to its Motion for Attorney's Fees (D.E. 354, page), "[a]t this time, Global Horizons has not filed an amended counterclaim. As such, Del Monte is uncertain whether it will indeed be able to recover any fees and costs that are associated with the 2005 contract claims or the Hawaii claim."

To avoid this inequitable result, any award of attorney's fees to Del Monte must be reduced commensurate with work performed for Del Monte's 2005 Counterclaim *and* Global's 2005 Claims.

15

**C.      The Report Is Misleading Because It Implies Global Elected Not To Brief The Court**

In rejecting Global's position that any award must be reduced proportionate to work performed on the 2005 Counterclaim and 2005 Claims, the Report notes, "Global has failed to persuade this Court otherwise, despite having had the opportunity to file a supplemental response to the underlying Motion." (Report, page 12) In fact, at the November 20, 2009, Hearing with Magistrate Judge Turnoff, the Judge stated that Global could file a Supplemental Response to Del Monte's Supplemental brief but it must be strictly limited to "what [Del Monte files] by way of supplement." (Nov. 20 Hearing, page 45, lines 17-18) Del Monte subsequently filed a deliberately sparse Supplemental brief in order to limit Global's Supplemental briefing. Therefore, contrary to the Report's misleading assertion, Global did not fail to brief the Court on this issue; rather, it was limited in the scope of its Supplemental briefing by Del Monte's own Supplemental briefing.

**D.      Del Monte Was Not The Prevailing Party On Global's 2004 Claims**

While Del Monte was clearly not the prevailing party with respect to Global's 2005 Claims or Del Monte's 2005 Counterclaim, Global objects to the Reports finding that Del Monte was the prevailing party with respect to Global's 2004 Claims. As stated in Global's Opposition to Motion for Attorney's Fees, Del Monte gained nothing from this litigation, as its only claim, the 2005 Counterclaim, was dismissed.

7

16

## III.   CONCLUSION

Global respectfully requests that Del Monte's Motion for Attorneys' Fees and Costs should be denied as Del Monte was not the prevailing party. In the alternative, Global requests that the attorney fees awarded to Del Monte should be reduced by between $400,000 and $450,000 with the costs reduced to $80,740.87. As a further alternative, Global requests the Court order an evidentiary hearing to fully explore the appropriate break-down of attorney's fees taking into account the 2004 and 2005 Claims.

Dated: March 31, 2009

Respectfully submitted,

/s/   Matthew S. Gibbs
Matthew S. Gibbs, Esq.
Global Horizons, Inc.
11111 Santa Monica Blvd, Ste. 1440
Los Angeles, CA   90025
Tel:  310-234-8475
Fax:  310-909-0269
FBN:  0619231

8

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/EF system which will send a notice of electronic filing to the following counsel or parties of records, except as otherwise noted:

Carol C. Lumpkin
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
Miami Center – 20th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 539-3300
Fax: (305) 358-7095
carol.lumpkin@lkgates.com

By s/ Matthew S. Gibbs

18