UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-CV-22315-MORENO/SIMONTON

GLOBAL HORIZONS INCORPORATED,
a California Corporation,

       Plaintiff/Counterclaim Defendant,

v.

DEL MONTE FRESH PRODUCE N.A., INC.,
a Florida Corporation a.k.a. COUNTRY BEST
INC. d/b/a DEL MONTE FRESH PRODUCE
COMPANY, a Delaware Corporation,

       Defendant/Counterclaim Plaintiff.
_____/

**DEL MONTE FRESH PRODUCE N.A., INC.'S RESPONSE IN OPPOSITION TO GLOBAL HORIZON INCORPORATED'S MOTION TO SET ASIDE DEFAULT**

      Defendant/Counterclaimant Del Monte Fresh Produce N.A., Inc. ("Del Monte"), by and through its undersigned counsel, hereby submits its Response in Opposition to Plaintiff/Counterdefendant Global Horizons Incorporated's Motion to Set Aside Default. In a desperate attempt to avoid Final Judgment, Plaintiff/Counterdefendant Global Horizons Incorporated ("Global Horizons") has filed a Motion to Set Aside Default (D.E. 367) requesting that, based on Rule 55(c) of the Federal Rules of Civil Procedure, the Court set aside its March 31, 2009 Order affirming and adopting the Report and Recommendation on Del Monte's Motion for Attorneys' Fees and Costs. As set forth herein, Global Horizons' motion supports a continued pattern of behavior by Global Horizons' counsel throughout these proceedings. Equally significant, Global Horizons' request is both procedurally defective and lacks any merit.

MI-301423 v1

As such, the Court should deny the Motion to Set Aside Default and disregard Global Horizons' untimely filed Written Objections to Report and Recommendation on Motion for Attorney's Fees and Costs (D.E. 365). In support, Del Monte states as follows:

1. In his Report and Recommendation on Del Monte's Motion for Attorney's Fees and Costs (the "Report and Recommendation") (D.E. 363), Judge Turnoff instructed the parties to file any objections to the Report and Recommendation by noon on March 31, 2009. As a basis for non-compliance with this Court's deadline, counsel for Global Horizons **claims** that he attempted to contact Del Monte's counsel of record (Carol Lumpkin and Karen Finesilver) to confer regarding the Motion to Set Aside Default based on Global Horizons' time zone confusion[1], but fails to mention that his one-time attempted electronic message to Del Monte's counsel of record, Ms. Lumpkin and Ms. Finesilver[2], was made **after** Magistrate Judge William C. Turnoff's noon deadline.[3] (*See* D.E. 368-2, Exh. 1 (showing Pacific Standard Time ("PST") for when electronic message was sent to one of Del Monte's counsel of record and Global Horizons admitting to failing to timely file objections); *see also* D.E. 368-2, Exh. 4 (showing PST for when electronic message was sent to another Del Monte counsel of record).)[4]

---

[1] Under the pertinent rule, Global Horizons was not required to wait for a response from Del Monte's counsel as long as a good faith effort was made. S.D. Fla. L.R. 7.1(A)(3).

[2] Ms. Finesilver has been on leave of absence and an automatic reply message reflects that she has been on leave.

[3] It should be noted that Global Horizons made no recorded telephonic attempt to contact Ms. Lumpkin or Ms. Finesilver. Indeed, no voice mail messages inquiring as to the subject motion or a motion for extension of time were left for either counsel from Global Horizons prior to or after the noon deadline.

[4] The two other electronic messages that Plaintiff sent — both of which were sent after the Court's noon deadline — were directed to Annie Zaffuto, who is **not** even counsel of record in this matter. The first electronic message to Ms. Zaffuto was sent at approximately 1:25 PM Eastern Standard Time ("EST") on March 31, 2009. (*See* D.E. 368-2, Exh. 6.) Ms. Zaffuto

2. Four months after the evidentiary hearing and five months of being counsel of record, Global Horizons' counsel's contention of confusion as to whether EST or PST applied to Judge Turnoff's noon deadline on March 31, 2009 is disingenuous at best. On the record during the November 20, 2008 hearing, Global Horizons' counsel informed Judge Turnoff that counsel was a former member of "the State Attorney's Office [for Miami/Dade County in Florida] for a number of years but ceased as of June 2006." (D.E. # 353 at 3 – 4.) Having practiced in this jurisdiction for several years and being an active member of the Southern District of Florida bar, Global Horizons' counsel is no doubt familiar with the Local Rules and the consequences for failing to meet deadlines issued by the courts in this jurisdiction. During the pendency of this litigation, time zone difference has been used several times by Global Horizons' numerous counsel. As such, this untimely attempt, based once again on time zone, should not be a valid excuse for disregarding the Court's order in this instance.[5] Global Horizons' counsel has "called wolf" too many times in these proceedings.[6]

3. The Report and Recommendation specifically sets forth the March 31, 2009 noon deadline. If Global Horizons had any confusion, it could have sought clarification in a timely

---

promptly responded at 1:27 PM on the same day. (*See id.*) Global Horizons then sent a second electronic message after the noon deadline. (*See id.*) In short, Global Horizons' contention that there were "mutliple" requests which received no response are belied by the undisputed facts and even by the exhibits attached to the declaration of Global Horizons' counsel.

[5] During the July 17, 2008 hearing, Global Horizons' counsel (the eighth counsel for Global Horizons) admitted that while Judge Turnoff's Order set the hearing for 2:00 PM on that day, Global Horizons failed to account for the three hour difference and believed that the start time was 2:00 PM PST. Judge Turnoff excused the obvious failure on the time conversion by Global Horizons' counsel for that day. (D.E. 335 at 2.)

[6] Interestingly, during the course of the litigation, Global Horizons has complied with the Court's deadlines by filing briefs and other papers in accordance with the EST deadline on numerous occasions. It is species and arbitrary to now claim that the PST would apply to Judge Turnoff's noon deadline.

- 3 -

manner. Indeed, Global Horizons had ample time to seek a request for extension, but made no effort to contact Del Monte's counsel until after the deadline had expired. Global Horizons' "inactivity" and failure to act should not be condoned by the Court.

4.   As to the substantive issue, Global Horizons' request to set aside default judgment under Rule 55(c) is incomprehensible. Global Horizons spends four of its seven page motion on the standard that the Court should apply in setting aside an entry of default. No default, however, has been entered in this case. As such, Rule 55(c) is immaterial to the Court's March 31, 2009 Order affirming and adopting the Report and Recommendation on Del Monte's Motion for Attorneys' Fees and Costs.[7] Other than a single general reference to Rule 60(b), Global Horizons makes no further argument for setting aside the Court's March 31, 2009 Order based on Rule 60(b). Accordingly, no other basis exists for setting aside the Court's March 31, 2009 Order. *See Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc.*, 169 F.R.D. 680, 686 – 687 (M.D. Fla. 1996) ("A motion for Relief under Rule 60(b) must be shaped to the specific grounds for modification or reversal enumerated in the Rule, and it may not be a mere general plea.")(internal citation omitted).

WHEREFORE, Defendant/Counterclaimant Del Monte Fresh Produce N.A., Inc. respectfully requests that the Court deny Plaintiff/Counterdefendant Global Horizons Incorporated's Motion to Set Aside Default, disregard Global Horizons' Written Objections to

---

[7] Notably, these pages cite to Ninth Circuit case law. "[W]hen case law is needed to 'clearly establish' the law applicable to the pertinent circumstances, [the Eleventh Circuit] look[s] to decisions of the U.S. Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state." *Marsh v. Butler County*, 268 F.3d 1014, 1032 , n.10 (11th Cir. 2001); *see also Dukes v. Miami-Dade County*, 232 Fed. Appx. 907, 911 (11th Cir. 2007) (stating that "only Supreme Court cases, Eleventh Circuit case law, and [state] Supreme Court case law can clearly establish law in this circuit.").

Report and Recommendation on Motion for Attorney's Fees and Costs, and grant any further relief that the Court deems just and proper.

Dated: This 1st day of April, 2009.

Respectfully submitted,

**K&L GATES LLP**
*Attorneys for Del Monte Fresh Produce N.A., Inc.*
Wachovia Financial Center – Suite 3900
200 S. Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 539-3300
Fax: (305) 358-7095

By: /s Carol Lumpkin
Carol C. Lumpkin
FL Bar No.797448
carol.lumpkin@klgates.com
Karen Finesilver
FL Bar No. 0031352
karen.finesilver@klgates.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on the attached service list.

/s Carol C. Lumpkin
CAROL C. LUMPKIN

- 6 -

## SERVICE LIST

### Case No. 06-CV-22315-MORENO/SIMONTON

Matthew Gibbs, Esq.
Global Horizons Incorporated
11111 Santa Monica Boulevard
Suite 1440
Los Angeles, CA 90025
Telephone:  (310) 234-8475
Facsimile:  (310) 234-0786
Email: matthew@gmpusa.com