UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-22315-CIV-MORENO

GLOBAL HORIZONS INCORPORATED, a California Corporation,

    Plaintiff,

vs.

DEL MONTE FRESH PRODUCE N.A., INC. a Florida Corporation a.k.a. COUNTRY BEST INC. d/b/a DEL MONTE FRESH PRODUCE COMPANY, a Delaware Corporation,

    Defendant.
_____/

## ORDER GRANTING REMAINDER OF ATTORNEY FEES AND COSTS

THE COURT on May 21, 2009 granted the Defendant attorney fees in the amount of $550,000 and costs in the amount of $80,740.87, but deferred ruling on the remaining amounts recommended by Judge Turnoff in his March 26, 2009 Report and Recommendation ($450,000 in attorney fees and $116,188.07 in costs, respectively). The Court directed Global Horizon to specify precisely which "portions of the requested amounts should be excluded, including, for example, specific depositions, time entries, and filing fees related to the claims and counterclaims currently pending in Florida state court."

Global Horizons submitted a brief with attached emails, responses and objections to discovery requests in the relevant state court proceedings, billing and time entries, and even a list of travel expenses. Global Horizons calculates that, based on its own assessment, the award for attorney fees should be reduced $473,792.25, and the award for costs should be reduced $80,068.62.

Global Horizons appears to have made a good-faith effort to heed this Court's admonition and

demonstrate the actual attorney fees incurred by Del Monte that it believes should be excluded from any award. Nevertheless, these reductions relate to the overall attorney fees incurred by Del Monte. Thus, the Court notes that the reductions should be taken, not from the $1,000,000 attorney fees award recommended by Judge Turnoff, but from the attorney fees incurred. In fact, in an attempt to account for matters pending in state court, Del Monte initially reduced the attorney fees requested by $440,830 (from $1,440,830 to $1,000,000). Thus, the substantial portion of the reduction Global Horizon seeks is subsumed by the reduction implicit in Judge Turnoff's recommended award of attorney fees. The Court sees no reason to further disturb Judge Turnoff's recommendation, and awards Del Monte the remaining $450,000 in attorney fees, for a total award of $1,000,000.

Regarding costs, the Court finds itself far less impressed that Global Horizons has heeded its requirement to specifically object to specific expenses. It seems, rather, that Global Horizons has simply applied a 50% pro rata reduction estimate to a host of different travel, copying, document production, transcript and expert expenses. The Court will not apply such a formulaic reduction in costs. Absent a more particularized argument from Global Horizons, the Court therefore awards Del Monte the remainder of Judge Turnoff's recommended cost award. Del Monte is entitled to an additional $116,188.07 in costs, for a total cost award of $196,928.94.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of November, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record