**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 06-CV-22315-MORENO**

GLOBAL HORIZONS INCORPORATED,
a California corporation,

            Global,

v.

DEL MONTE FRESH PRODUCE, N.A., INC.,
a Florida corporation a.k.a. Country Best
Inc. d/b/a DEL MONTE FRESH PRODUCE
COMPANY, a Delaware corporation,

            Del Monte.
_____/

DEL MONTE FRESH PRODUCE N.A., INC.,

 Counterclaim            Global,

v.

GLOBAL HORIZONS INCORPORATED, a
California corporation,

 Counterclaim          Del Monte.
_____/

**GLOBAL HORIZONS INCORPORATED'S**
**MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL [FRAP 4(a)(5)]**

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD

     Defendant GLOBAL HORIZONS, INC., by and through undersigned counsel, hereby

submits this Motion to Extend Time to File its Notice of Appeal [FRAP 4(a)(5)].

     This Motion is based upon the concurrently filed Declaration of Matthew S. Gibbs, the

declaration of Susan Cavallone, the attached Memorandum of Points & Authorities, the entire

file in this action and upon such oral and documentary evidence as may be presented at the time

of the hearing of the this Motion.   Due to excuseable neglect, Global did not timely refile its

Notice of Appeal in this action and now moves this Court for an Order Extending the Time to

File a Notice of Appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

Counsel for Global has filed this motion literally within hours of discovering the error that lead

to the missed deadline and within the time requirements set forth in FRAP 4(a)(5)(A)(1).

Pursuant to Local Rule 7.1(A)(3), Global attempted to contact opposing counsel

regarding this motion before filing.   Matthew S. Gibbs attempted to contact Carol Lumpkin and

Annie Zaffuto, who had previously acted as counsel for Del Monte, to inquire whether or not

they would oppose the motion.  (See Declaration of Matthew S. Gibbs)

Carol Lumpkin, from KL Gates, responded from her Blackberry and indicated that she

was not sure she would be able to reach her client due to the lateness of the hour on the East

Coast and the impending holidays.  (See attached *Exhibit A*, a true and correct copy of the email

response from Ms. Lumpkin.)   I informed her that I was required to proceed with the motion

and would communicate her response to the Court.   (See Declaration of Matthew S. Gibbs)


## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     STATEMENT OF FACTS

Global brought its initial action in this Court against Del Monte on September 14, 2006.  On

November 8, 2006, Del Monte filed a Counterclaim against Global. On December 13, 2007, the

Court ordered Del Monte's Counterclaim, and all counts therein, stricken.  On April 15, 2008, the

Court entered judgment that Global was not entitled to recovery for its claims.   Global filed a Notice

of Appeal on May 15, 2008.    Del Monte sought    dismissal of the appeal based on the pending

Attorney Fees Motion which was subsequently granted.

On November 18, 2009, this Court issued a Final Judgment adopting the Magistrates Findings and Recommendations that Defendant's Motion for Attorney Fees be granted in the amount of $ 450,000 in addition to costs in the amount of $ 116,188.07.   On November 19, 2009, this Court issued another Final Judgment adopting the Magistrates Findings and Recommendations that Defendant's Motion for Attorney Fees be granted in the amount of $ 550,000 in addition to costs in the amount of $ 80,740.87.

Attorney Matthew S. Gibbs set up his ECF account with the United States District Court for the Southern District of Florida with a copy of all filings to be forwarded to his paralegal, Susan Cavallone, for calendaring purposes.[1]   (See Declaration of Matthew S. Gibbs)   Mr. Gibbs was out of the office between November 19 and 30, 2009 for two out of town court proceedings and a family vacation in Florida.  (See Declaration of Matthew S. Gibbs)   Due to an error by Ms. Cavallone, the deadline for filing the Notice of Appeal was miscalendared.   (See Declaration of Susan Cavallone)

Mr. Gibbs realized the Notice had not been filed the afternoon of December 23 and immediately contacted opposing counsel regarding the missed deadline.   Based on the Final Judgment issued on November 19, 2009, ECF Administrative Rule 3K(2), and FRAP 26(b)(2), the Notice of Appeal was due to be filed on or about December 21, 2009.[2]

## II.    ARGUMENT

---

1 Mr. Gibbs has sole access to the account for filing purposes as Ms. Cavallone does not have any of the login information.
2 Based on the 30th day falling on a Saturday from the November 19, 2009 Final Judgment.

## A.        Legal Standard For Relief

Federal Rules of Appellate Procedure 4(a)(1) provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4) and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."

Federal Rules of Appellate Procedure 4(a)(5) provides:

"(A) The district court may extend the time to file a notice of appeal if:

(i)  a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii)  regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

As discussed more fully below, Global has shown "excusable neglect" to support an extension of the time to file its Notice of Appeal.


## B.       Normally a Timely Notice of Appeal is Mandatory.

Normally if a party fails to file a timely notice of appeal, the appellate court is without jurisdiction to hear the appeal.  *Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1525 (11th Cir.1991); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (holding that a timely notice of appeal is "mandatory and jurisdictional").


## C.       District Courts are Authorized to Extend the Time After Expiration.

However, the Appellate Rules do provide a number of exceptions to that jurisdiction bar wherein the district court, within certain circumstances, is empowered to extend the time for filing of a Notice of Appeal.   Federal Rule of Appellate Procedure 4(a)(5) provides that the district court can extend the time for filing the notice upon a showing of excusable neglect. *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1324-1325 (11th Cir.1996).

The US Supreme Court articulated a flexible standard to determine whether or not "excusable neglect" has occurred.   A district court analyzing a claim of excusable neglect should consider "all relevant circumstances sur-rounding the party's omission.... includ[ing] ... the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).  (footnote omitted).

The Eleventh Circuit Court of Appeal has held that the same flexible analysis of excusable neglect applies to a ruling under Rule 4(a)(5).   *Advanced Estimating* at 1324.   The error and miscommunication that occurred in this case falls within the definition of "excusable neglect" as found by the 11th Circuit Court of Appeals.   Excusable neglect may include, based on the facts, late filings caused by inadvertence, mistake, or carelessness under certain circumstances.   *Id*.

## D.    Global's Time to Notice Appeal should be extended.

In this case, the delay was less than three days and Global sought an extension the same day that the error had been discovered.   Global previously filed a Notice of Appeal in this case and has already evidenced an intent to vigorously protect its rights.   Defendant will not be

materially prejudiced by granting the motion as the mere fact the appeal might proceed has not been specifically found as a basis for prejudice since the primary consideration is the existence of excusable neglect.   *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322 (11th Cir.1996).

The Eleventh Circuit has already found that a mistake of fact, not one of law, may constitute excusable neglect.   *Cannabis Action Network, Inc. v. Gainesville*, 231 F.3d 761  (11th Cir. 2000).   In *Locke v. Sun Trust Bank*, a legal assistance miscalculated the thirty-day deadline which lead to an untimely Notice of Appeal.   484 F.3d 1343, 1346-347 (11th Cir.  2007)   The decision of the district court judge that this mistake constituted "excusable neglect" was upheld by the Eleventh Judicial Circuit.  *Id.*    A failure of communication between an associate attorney and lead counsel has also been found to be "excusable neglect" sufficient to support granting a request for extension of time under the *Pioneer* standard.   *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849-850 (11th Cir.  1996).   The *Cannabis* case involved a "convoluted" case where multiple final judgments had been issued and the party who had appealed a prior final judgment missed the deadline for amended final judgment.   *Cannabis* at 765-768.   Excusable neglect has also been found where a party mailed a Notice of Appeal but failed to do so early enough to have it filed within the 30 day period.   *Zipperer v. School Board of Seminole County*, 111 F.3d 847 (11th Cir.  1997)

This case involves a mistake as well since the date to file the Notice was miscalendared. (See ¶ 5 of the Declaration of Susan Cavallone)    It is not uncommon for attorneys to rely on the calendaring of events to ensure timely filing.   In this case, Mr. Gibbs has to rely on his calendar notifications based on the number of cases he has pending in four states and at least eight

different state and federal courts as well as appeals pending in the Ninth Circuit Court of Appeals.   (See ¶ 4 of the Declaration of Matthew S. Gibbs)

Global has a meritorious basis for appeal which has, for the most part, been articulated in the Opening Brief previously filed pursuant to the first Notice of Appeal filed on May 15, 2008. Global should be granted the extension so that the Eleventh Judicial Circuit can rule on the merits of its appeal.

Global acknowledges that, while a mistake of law was not involved here, courts have denied a requested extension where an attorney misinterprets the Rules of Procedure and fails to timely file.  *Advanced Estimating*, 130 F.3d 996.

## III.   CONCLUSION

For the foregoing reasons, Global respectfully requests that the Court extend the time to file the Notice of Appeal by at least 7 days so that the Notice filed tomorrow would be considered timely.

Dated: December 23, 2009

Respectfully submitted,

/s/   Matthew S. Gibbs

Matthew                              S. Gibbs, Esq.
Global                               Horizons, Inc.
                      468 North Camden Drive, Suite 200
                      Beverly Hills, CA  90210
                      Tel:  424-442-3570
                      Fax:  310-765-4768
                      FBN:  0619231

**DECLARATION OF MATTHEW S. GIBBS IN SUPPORT**

1. I am an attorney duly licensed to practice law in the State of California and am admitted to appear before this Court on behalf of Plaintiff Global Horizons, Inc. ("Global") in the above-referenced action.  I make this declaration on personal knowledge and if called to testify as to any of the matters set forth herein, I could and would do so competently.

2. I was out of the office between November 19 and 30, 2009 based on out of town hearings on November 19 and 20, 2009 as well as a family vacation between November 21 and 30, 2009.  I did not review either of the Final Judgments issued by the Court on November 18 or 19, 2009 at the time they were filed.   I was tied up preparing for the hearings on the 18th and was traveling to and from the hearings on the 19th and 20th.

3. Global hired a paralegal, Susan Cavallone, to set up a calendaring system to ensure that deadlines were met and documents were timely filed.   For that purpose, I added Ms. Cavallone's email address to the notifications from ECF filings in the federal courts within which I practice.   She gets a simultaneous notice of every filing in this case but does not have login access to file things on my behalf.   It is my understanding that this practice is common for lawyers to allow support staff to maintain calendars.

4. I am managing a number of cases for Global and other entities which are pending in at least four different states and in at least eight different state or federal courts.   Since I have cases pending in Texas, Florida and Washington state, as well as northern California, I am frequently traveling for court appearances, depositions or case related events.

5. For this reason, I rely on the calendaring system to timely remind me of the deadline dates in these cases.

6. I did not get a calendar notification on either December 18 or 21, 2009 for the filing of the

Notice of Appeal.   I just discovered the error today and immediately sought to remedy the situation.

7.  I then contacted opposing counsel to find out if she would oppose the motion.   Ms. Lumpkin could not provide an answer prior to the time I had to file this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated at Los Angeles, CA this 23rd day of December, 2009.

                              /s/   Matthew S. Gibbs
        Matthew                              S. Gibbs, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 24th day of December, 2009 I electronically filed the

foregoing with the Clerk of the Court by using the CM/EF system which will send a notice of

electronic filing to the following counsel or parties of records, except as otherwise noted:


Carol C. Lumpkin
Karen Finesilver
KL Gates, LLP
Wachovia Financial Center – Suite 3900
200 South Biscayne Boulevard
Miami, Florida 33131-2399
Telephone: (305) 539-3300
Fax: (305) 358-7095
carol.lumpkin@lkgates.com


By <u>s/ Matthew S. Gibbs</u>