UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-22315-CIV-MORENO

GLOBAL HORIZONS INCORPORATED, a
California Corporation,

    Plaintiff,

vs.

DEL MONTE FRESH PRODUCE N.A., INC. a
Florida Corporation a.k.a. COUNTRY BEST
INC. d/b/a DEL MONTE FRESH PRODUCE
COMPANY, a Delaware Corporation,

    Defendants.
_____/

## ORDER DENYING MOTION FOR EXTENSION OF TIME

THIS CAUSE came before the Court upon Plaintiff's Motion for Extension of Time (**D.E. No. 391**), filed on **December 23, 2009**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. The Court finds Plaintiff's failure to timely file its Notice of Appeal does not constitute "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5).

The Supreme Court has held that when determining a claim of excusable neglect, the courts should consider "all relevant circumstances surrounding the party's omission," including the following four factors: (1) "the danger of prejudice to the [opposing party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, (4) and whether the movant acted in good faith." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1992); *see also Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324-25 (11th Cir. 1996) (holding that the *Pioneer*

factors used to interpret excusable neglect under Bankruptcy Rules also apply when determining excusable neglect under Fed. R. App. P. 4(a)(5)).

The first factor weighs in favor of Defendant because Defendant "was lulled or otherwise prejudiced by the untimely filing." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). It was reasonable for Defendant to think that the case had finally concluded when the deadline arrived and no appeal had been filed by Plaintiff. The second factor however, does not weigh in favor of Defendant because Plaintiff's motion for extension of time was filed two days after the deadline and the Notice of Appeal was filed seven days after the deadline. The third factor weighs greatly in Defendant's favor because miscalendaring a deadline is certainly within the reasonable control of Plaintiff. In fact, when the Supreme Court analyzed the lawyer's untimely filing in *Pioneer*, it gave "little weight to the fact that counsel was experiencing upheaval in his law practice" in determining whether his neglect was excusable. 507 U.S. at 398. Therefore, Plaintiff's explanation that he was out of town for court proceedings and on a family vacation (Pl.'s Mot. 3), is not "excusable neglect."

Lastly, Plaintiff's cumulative effect of missing deadlines exhibits an absence of good faith. Plaintiff's practice of routinely missing deadlines throughout the litigation betrays Plaintiff's consistent disregard for these proceedings. Indeed, Plaintiff's habitual pattern and practice of missing deadlines throughout the three year long litigation is evidence of a lack of good faith.

Accordingly the Court finds that all the *Pioneer* factors balanced together weigh in Defendant's favor, and thus Plaintiff's motion for an extension of time to file its Notice of Appeal is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 13 day of January, 2010.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record